IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL CENEVIVA and | : | CIVIL ACTION |
| MATHEW ROHRBACH, | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| LIDL US, LLC, et al., | : | |
| *Defendants.* | : | No.  25-cv-1541 |

**MEMORANDUM**

**KENNEY, J.**                                                                                              **June 9, 2025**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the

case.  Defendants move this Court to reconsider its May 13, 2025 Order (ECF No. 15) denying

their Motion to Dismiss.  *See* ECF No. 16 at 1.  For the reasons set forth below, this Court will

**DENY** the Motion (ECF No. 16).

I.  **DISCUSSION**

A motion for reconsideration is an "extremely limited" remedy, which courts grant only to

"correct a clear error of law or fact or to prevent manifest injustice," when there is an intervening

change in the law, or based on newly discovered evidence.  *Blystone v. Horn*, 664 F.3d 397, 415

(3d Cir. 2011).  Of these grounds for reconsideration, Defendants argue only that this Court must

correct a manifest injustice and committed a clear error of law.  *See* ECF No. 16 at 1–2.

These arguments fail, beginning with Defendants' arguments about manifest injustice.

Defendants argue, for the first time in their motion for reconsideration, that the state court violated

their due process rights by granting Plaintiffs' Motion for Alternative Service *ex parte*.  *See id.* at

2; ECF No. 16-1 at 2.  However, a party may not use a motion for reconsideration "to raise new

arguments that could have been made in support of the original motion."  *MMG Ins. Co. v. Giuro,*

1

*Inc.*, 432 F. Supp. 3d 471, 474 (E.D. Pa. 2020); *see also Mungo v. Taylor*, 355 F.3d 969, 978 (7th

Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration,

however, are generally deemed to be waived."). Here, Defendants could have raised this argument

in their Motion to Dismiss, which sought for this Court to set aside the state court's order. *See*

ECF No. 16-1 at 2 (noting that the Motion to Dismiss was "challenging the propriety of the state

court's order"). Furthermore, the Motion for Alternative Service seemingly does not appear to

have been made *ex parte*. It included a certificate of service, which verified that the Motion had

been sent via first class and certified mail to Defendants' Roosevelt Boulevard storefront location,

*see* ECF No. 14-6 at 22—the location at which Defendants ultimately accepted service of the

complaint, *see* ECF No. 14-7 at 2. *See U.S. Nat'l Bank Ass'n v. Ramos*, No. 3037 EDA 2015, 2020

WL 886047, at *2 (Pa. Super. Ct. Feb. 24, 2020) (where plaintiff notified defendant of motion for

alternative service, motion was not made *ex parte*).

Next, Defendants argue that this Court committed a clear error of law by treating *Chappell*

*v. Powell*, 303 A.3d 507, 514 (Pa. Super. Ct. 2023) as though it "rendered the [state court order]

unassailable." *See* ECF No. 19 at 5; ECF No. 16-1 at 1–2. This Court did not apply *Chappell* in

such a manner. It cited *Chappell* for the proposition that Pennsylvania law permits motions for

alternative service when a plaintiff "attempted in good faith to serve a defendant but was

unsuccessful." *See* ECF No. 15 at 1 n.1 (citation omitted). That proposition is plainly supported

by Pennsylvania's rules. *See* Pa. R. Civ. P. 430; Official Note to Pa. R. Civ. P. 430. The Court

then cited *Chappell* for the proposition that where a plaintiff properly carries out alternative

service, once that service is approved by a court, the plaintiff may be able to defeat a statute-of-

limitations argument based on insufficient service. *See* ECF No. 15 at 1 n.1 ("[B]ecause

Defendants' statute-of-limitations arguments turn on whether service was proper," and given that

Plaintiffs complied with the order permitting alternative service, dismissal on statute-of-limitations grounds is improper). To be sure, in *Chappell*, the defendant did not challenge on appeal the order permitting alternative service. *See Chappell*, 303 A.3d at 515 n.15. However, this Court did not rely on *Chappell* in declining to set aside the state court's order. It pointed to the evidence and investigative steps presented to the state court in the motion for alternative service and explained that although it had some authority to set aside the state court's order, that order would typically be considered law of the case after removal. *See* ECF No. 15 at 1 n.1. The Court did not treat *Chappell* as though it rendered the state court order "unassailable." *See* ECF No. 19 at 5.

Additionally, Defendants argue that this Court improperly deferred to the state court's order. *See* ECF No. 16-1 at 3. However, the Court reasonably concluded that it had some authority to revisit state court orders, but that those orders (with some exceptions) are generally considered the law of the case. *See* ECF No. 15 at 1 n.1; *Stadtmauer v. Tulis*, 115 F.4th 90, 116 (2d Cir. 2024); *Johnson v. Burken*, 930 F.2d 1202, 1207 (7th Cir. 1991). Here, the Motion to Dismiss did not provide sufficiently compelling reasons to depart from that order. *See* 18 Moore's Federal Practice § 134.22 (3d ed. updated 2025) ("cogent" or "exceptional circumstances" typically required for federal court "to reexamine the issues decided by the state court[]" prior to removal). And neither of the two cases Defendants cite hold otherwise. *See* ECF No. 16-1 at 3–4. Both cases involve state courts revisiting their own decisions after the defendants challenged default judgments. *See Sisson v. Stanley*, 109 A.3d 265, 273 n.12 (Pa. Super. Ct. 2015); *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 24–27 (Pa. Super. Ct. 2015).

Defendants also argue, for the first time in their reply brief, that Plaintiffs misled the state court, based on inconsistencies in Plaintiffs' papers. *See* ECF No. 19 at 3–4 (identifying, for example, inconsistencies in the street address at which the incident occurred). These arguments

3

could have been raised in Defendants' Motion to Dismiss, and, in any case, should not have been newly raised in a reply brief.  *See Williams v. Amazon, Inc.*, 573 F. Supp. 3d 971, 975 (E.D. Pa. 2021).  Regardless, these inconsistencies, and Defendants' arguments that Plaintiffs misled this Court, do not respond to the investigative steps Plaintiffs took to identify Defendants' place of service.  *See* ECF No. 15 at 1 n.1 (discussing Plaintiffs' efforts).

Lastly, Defendants ask this Court to clarify whether Defendants may raise their statute of limitations arguments at the summary judgment stage.  *See* ECF No. 16-1 at 5–6.  Here, the Court decided only Defendants' Motion to Dismiss, based on the pleadings, their attachments, and the state court record, and it was bound by the standard applicable at the pleadings stage.  Defendants are free, as they ordinarily would be, to avail themselves of discovery and a motion for summary judgment, to the extent permitted by the law.  *See Wilderness Soc. v. Griles*, 824 F.2d 4, 16 (D.C. Cir. 1987).

## II.  <u>CONCLUSION</u>

The "extremely limited" remedy of reconsideration is inappropriate here.  *See Blystone*, 664 F.3d at 415.  Accordingly, Defendants' Motion (ECF No. 16) is denied.  An appropriate order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**